SAUR, *for use and benefit of* GREAT AMERICAN INDEMNITY CO., *v.* ROWLAND.

1. ACTION—WORKMEN'S COMPENSATION—INSURANCE—SUBROGATION.
    Suits by insurers, carrying risk under workmen's compensation act, against those injuring employees are provided for by 2 Comp. Laws 1929, § 8454.

2. AUTOMOBILES—SUBROGATION—CONTRIBUTORY NEGLIGENCE.
    Mechanic, in garage where owner had left car for installation of heater, who refilled radiator, stood in front of car about three feet from work bench and requested owner to start motor *held*, guilty of contributory negligence barring recovery by subrogee under workmen's compensation act against owner for injury received by mechanic when car crushed him against the bench, neither the mechanic nor owner having ascertained car was in gear (2 Comp. Laws 1929, § 8454).

Appeal from Kent; Perkins (Willis B.), J. Submitted June 12, 1935. (Docket No. 105, Calendar No. 38,455.) Decided September 9, 1935.

Case by Lawrence Saur and Carl Saur, copartners, for the use and benefit of the Great American Indemnity Company of New York, a corporation, against Howard Rowland to recover sums paid to plaintiffs' employee under the workmen's compensation act. Directed verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Mason, Alexander, McCaslin & Cholette,* for plaintiffs.

*Linsey, Shivel & Phelps,* for defendant.

NORTH, J. This suit is brought in behalf of an insurance company which carried the industrial risk under the workmen's compensation act of the proprietors of a garage. Mentor Johnson was an employee in this garage and as such had assigned to him the task of installing a heater in an automobile belonging to the defendant, Howard Rowland. Incident to this work Johnson was injured in the manner hereinafter noted, and the insurance company was obliged to pay a substantial sum of money. Thereafter this suit was brought by the insured, for the use and benefit of the insurer, against defendant as an alleged tortfeasor whose negligence caused the accident. Provision for suits of this character is contained in the statute. 2 Comp. Laws 1929, § 8454. At the conclusion of the testimony the circuit judge directed a verdict in favor of defendant. Judgment has been entered on the verdict so rendered, and plaintiffs have appealed.

The undisputed testimony is that neither Johnson nor Rowland placed the car in the garage where the work was to be done upon it. But obviously it must have been so placed by someone acting in behalf of Johnson's employers. Johnson completed installation of the heater and was in the act of refilling the radiator with water. The automobile stood facing and about three feet from a work bench. To prevent "air locks" in the water circulating through the radiator and the heater it was necessary or at least helpful to start the motor. About this time defendant, Rowland, had called at the garage. He was standing at the right-hand side of the machine and Johnson was standing in front of it looking into the radiator, evidently for the purpose of ascertaining whether the radiator was properly refilled. He asked Rowland to start the motor. Thereupon Rowland got into the automobile but into the right-hand portion of the seat rather than in the left-hand portion normally occupied by an operator. He turned on the ignition, reached over with his left foot and operated the starter. Instead of being in neutral, the automobile was in gear and when Rowland operated the starter the car went forward, caught Johnson between the radiator and the bench and seriously injured him.

At the close of all the proofs each party moved for a directed verdict. Defendant, in support of his motion, urged that there was no evidence that he was guilty of actionable negligence, that the undisputed evidence disclosed contributory negligence on the part of the injured employee, that defendant had nothing to do with leaving the car in gear, that the car was in the custody and control of the proprietors of the garage and in the immediate charge of the injured employee who requested de-

fendant to do whatever was done leading up to this accident, that whatever defendant did was done by him as the agent of Johnson and if the former was guilty of negligence such negligence would be chargeable to the latter.

It is plaintiffs' theory that defendant was guilty of actionable negligence in starting the motor under the circumstances without ascertaining that the automobile was not in gear. The undisputed testimony is that defendant did not put the car in gear. Obviously it was left in gear by the one who placed the car where it was while the heater was being installed or the gear lever was shifted by Johnson while working on the car. In this connection Johnson testified:

"I had to stick the heater in between the front seat and the front part of the car. I do not know whether this shift lever would be more out of the way by having it up in front in second gear as it is pretty well over near the center, and I wouldn't have to be in the car any farther than my head and shoulders and arms. It is possible I may have put it in second gear while working on it, but I don't know, I don't remember doing it. I might have pushed it there while working on it; it would have been rather an easy thing to do as I could have bumped it with my shoulders, or something. * * * I was not entirely through at the time I was hurt. It was necessary to start the motor, but I don't remember whether I asked him to start the car or not. Someone would have to start the car, that is proper, and I was standing in front of it. I knew that if the car was started, and was in gear, it would probably start ahead like that; either if it was in first or second gear and probably if in third gear. I did not stop to think whether it was in gear, the first thing I knew I was hit."

The defendant was an experienced automobile driver and in part he testified:

"I had nothing to do with the installation itself.
*    *    *

"Q. You could not see the levers, could you, in there, without a light?

"A. It is difficult to see inside without a light. *    *    * I did not observe whether the car was in gear when I got there. I had not placed it in gear nor had anything to do with placing it in gear. It was dark in there. I did find the starter. *    *    *

"Q. You had no occasion to get in the car and start it except as he told you to do it?

"A. That is right."

Review of this record brings us to the conclusion that if the testimony shows defendant was guilty of negligence (which is essential to plaintiffs' recovery), it also shows that the injured employee was equally guilty of negligence. It was a risk amounting to negligence for the injured employee, without taking any further precaution for his own safety, to stand in front of this automobile with the bench at his back and direct another person to start the motor. His failure to see to it that the car was not then in gear was as negligent as was the act of defendant in stepping on the starter without ascertaining the position of the gears. Because of this contributory negligence on the part of the injured employee, plaintiffs cannot recover. The circuit judge was correct in directing a verdict for defendant.

The judgment is affirmed, with costs to appellee.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.